UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Quanica S. Ellis,<br><br>      Plaintiff,<br><br>  v.<br><br>Jo Anne B. Barnhart,<br>Commissioner of Social Security,<br><br>      Defendant. | C/A No. 3:04-21897-GRA-JRM<br><br><br>ORDER |

## I. PROCEDURAL HISTORY

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 83.VII.02(a), D.S.C., and issued on July 20 2005.

Plaintiff filed applications for social security income and disability insurance benefits alleging disability beginning on July 27, 2002 due to multiple sclerosis, blackouts, hypertension and depression. The Commissioner denied the applications initially and on reconsideration. The administrative law judge (ALJ) held a hearing on December 8, 2003 and issued his decision denying benefits on March 13, 2004. The ALJ's decision became the final decision of the Commissioner when it was approved by the Appeals Council on June 25, 2004. Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. §

1

405(g) and 1383(c)(3) seeking judicial review of the Commissioner's decision denying her claims for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).

## II.  STANDARDS OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*   Plaintiff has made objections to the magistrates Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for

2

those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by

substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

"From this it does not follow, however, that the findings of the administrative

agency are to be mechanically accepted.  The statutorily granted right of review

contemplates more than an uncritical rubber stamping of the administrative action."

*Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not

abdicate their responsibility to give careful scrutiny to the whole record to assure

that there is a sound foundation for the Secretary's findings, and that his conclusion

is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable

mind could accept the record as adequate to support that determination.  *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971).  The Commissioner's findings of fact are not

binding, however, if they were based upon the application of an improper legal

standard.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

III.  DISCUSSION

Plaintiff proffers several objections to the magistrate's Report and

Recommendation:  (1) the magistrate erred in concluding that the ALJ's decision is

supported by objective medical evidence which shows that her impairments are not

severe; (2) the magistrate erred in rejecting Dr. Funsch's opinion that Plaintiff would

have significant difficulty in maintaining steady employment; (3) the magistrate erred

3

in finding the ALJ properly determined the Plaintiff's testimony to be incredible; and (4) the magistrate erred in finding that the Plaintiff's impairments do not rise to the level of a listing. Notably, these are essentially the same arguments that Plaintiff raised in her Memorandum at Law. Thus, the magistrate addressed these arguments in his Report and Recommendation.

First, Plaintiff objects that the magistrate erred in that he concluded that the ALJ's decision is supported by objective medical evidence which shows that her impairments are not severe. This is clearly not the case, after a review of the record and the magistrate's Report and Recommendation, this Court finds that the ALJ found that Plaintiff's multiple sclerosis, migraine headaches, hypertension, obesity, generalized anxiety disorder and major depression were considered "severe" in combination based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b), but that the medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 24. Further, this Court finds substantial evidence supports the ALJ's decision. Therefore this objection is without merit.

The Plaintiff's second objection states that the magistrate erred in rejecting Dr. Funsch's opinion that Plaintiff would have significant difficulty in maintaining steady employment. The ALJ rejected Dr. Funsch's opinion because the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the reported and seemed to uncritically accept as true, if not all of what

4

the Plaintiff reported. Tr. 20. Yet, the ALJ found good reasons as set forth in his decision for questioning the reliability of the Plaintiff. Tr. 18, 20. Additionally, Dr. Funsch gave the Plaintiff a global assessment of functioning (GAF) of 55, which is clearly inconsistent with an opinion of of not being able to work. Tr. 20. After a review of the record, this Court finds substantial evidence supports the ALJ's decision. Thus this objection must fail.

Plaintiff's third objection argues that the magistrate erred in finding the ALJ properly determined the Plaintiff's testimony to be incredible. The Plaintiff argues that ALJ failed to expressly answer the threshold question of whether Plaintiff's impairments could reasonably cause the symptoms she described. After a review of the record and the magistrate's Report and Recommendation, this Court finds that the ALJ made adequate and specific findings as to why the Plaintiff's testimony was not fully credible, which was supported by substantial evidence. Therefore Plaintiff's third objection must fail.

Finally, the Plaintiff's fourth objection argues that the magistrate erred in finding that the Plaintiff's impairments do not rise to the level of a listing. However, the ALJ provided a discussion of the medical evidence before him, applied the correct legal standards, and gave an adequate explanation for his decision that the Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 24. After a review of the record, this Court finds that the ALJ's finding is proper and based

upon substantial evidence.

## IV.  CONCLUSION

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and substantial evidence exists to support the magistrate's findings.  Accordingly, the Report and Recommendation is accepted and adopted by this Court.

IT IS THEREFORE ORDERED that the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 19, 2005.

_____

_____

_____